## Hillman Land & Iron Company v. Commonwealth.

(Decided April 28, 1922.)

### Appeal from Lyon Circuit Court.

1. Taxation—Assessment—Uniformity.—Under Kentucky Statutes, lands are assessable at their fair cash value to be estimated at the prices they would bring at a fair voluntary sale, but under the constitutional guarantees of equal protection and uniformity of taxation, the property of one individual cannot be assessed for taxation to a higher percentage of its fair cash value than all other properties in the same taxing district are assessed.

2. Taxation—Assessment.—But this court will not change an assessment made in the circuit court upon appeal from the action of the board of supervisors where the evidence does not clearly show that the property of the complaining party has been assessed at a higher percentage of its fair cash value than all other properties in the same district were assessed for the same year, and there is no complaint that the property has been assessed for an amount in excess of its fair cash value.

J. F. GORDON and M. W. UTLEY for appellant.

COLEMAN MALLORY and CHAS. I. DAWSON, Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

The appellant owns two large tracts of land in Lyon county, known in the record as the Hillman tract and the DeGraffenried tract, containing, respectively, 13,453 and 5,100 acres. The county board of supervisors having assessed the former at $99,171.00 and the latter at $77,000.-00, as of date July 1st, 1919, the company appealed to the quarterly court and thence to the circuit court, where, upon a trial, the value of the Hillman tract was fixed at $87,165.00 and the DeGraffenried at $75,400.00. Complaining of that judgment, the company has appealed to this court.

There is no complaint that the values as thus fixed are in excess of the fair cash values of the tracts, estimated upon what they would bring at fair voluntary sales as prescribed by our assessing statute, but it is insistently urged that these values are excessive ''when compared with a reasonable market value of the lands, and with the rate of assessment at which similar lands of Lyon county were assessed for said year.''

If this is shown by the evidence to be true the constitutional provision of equality and uniformity was violated, and the court erred in failing to assess the plaintiff's lands at the same percentage of fair cash values as other like lands in that county were assessed for the same year, as counsel agree, and as this court, upon an exhaustive consideration of authorities, decided in Eminence Distillery Company v. Henry County Board of Supervisors, 178 Ky. 811.

The sole question for decision here is, therefore, one of fact, and there is no complaint of the rather novel method adopted by the circuit court for determining that fact, but it is most earnestly insisted the court erred in applying the evidence to the method adopted.

For the previous year the company appealed from the assessment of the same tracts of land to the circuit court, and that court, as its judgment in this case recites, upon practically the same evidence fixed the assessable value of the Hillman tract at $67,050.00 and the DeGraffenried tract at $58,000.00. Neither party appealed from that judgment, and the court, therefore, assumed that these values were correct for assessment purposes as of July 1st, 1918, and uniform with the assessed values of other like lands in the county as of that date.

As already indicated, this method of procedure for ascertaining the correct assessment values of these lands as of July 1st, 1919, is not criticised, and it is at least tacitly agreed to be fair and satisfactory to the appellant as well as to the appellee. Hence we shall also assume that such values were correct for assessment purposes as of July 1st, 1918.

In applying the evidence in this case to these values as the basis for determining the assessable values as of July 1st, 1919, the court in separating his findings of fact and law states: ''I find that from July 1st, 1918, to July 1st, 1919, there was a marked increase in the value of real estate all over the country, including Lyon county, and that in my judgment this increase should be considered

by me.   I find from the evidence that the increase was about 41 per cent, as claimed by defendant, which was controverted by the plaintiff, but the court, making allowances for usual inaccuracies, under the circumstances finds that the increase was 30%, and therefore finds that the assessed value of the land, timber and improvements as of July 1st, 1919 (for the Hillman tract), was the sum of $87,165.00.''

By exactly the same process and upon the same evidence the DeGraffenried tract, assessed at $58,000.00 as of July 1st, 1918, was increased 30% and its assessable value as of July 1st, 1919, fixed at $75,400.00.

The entire criticism of the judgment, by counsel for appellant, is directed at the finding of the court from the evidence that the increase in values had been 41% from July 1st, 1918, to July 1st, 1919, and in this criticism they assume the court referred to an increase only in the market value or fair cash value, estimated on a voluntary sale.

If such increase of value alone is considered the evidence does not, as counsel for appellant contend, sustain the findings of the court, since all of the witnesses who testified upon this question fixed the increase in the salable value of land in the county within the year at from 10 to 20%.

It is, therefore, insisted that the court should have found from the evidence that the increase in value was only 15%, and that appellant's land should have been increased only one-half of that percentage, because it is shown that lands in the county are assessed at only about one-half of their real value.   We are, however, unable to approve this contention, because we are convinced that the court not only did not mean to refer alone to market or salable values of the land in the county in fixing the increase at 41%, but meant to refer more especially, if not exclusively, to the increase in the assessable value of like lands in the county within the year.

We are forced to this conclusion, despite the language employed by the court, because, as pointed out above, the evidence does not show such an increase in the market or salable values of lands in the county, but it does show almost exactly that increase in their assessable values from July 1st, 1918, to July 1st, 1919.

From certified copies of the recapitulations of assessments for magisterial district No. 3, in which these lands

are situated, filed as an exhibit with the evidence of T. A. Braswell, clerk of the county court, the total assessed value of the land in that district, other than appellant's and a few tracts owned by non-residents of the district, is shown to have been $282,106.00 as of July 1st, 1918, and $389,399.00 as of July 1st, 1919, which is an increase, as will be found by calculation, of a fraction more than 41%.

As under the method adopted the court was dealing with assessed values rather than market or salable values, it is fair to assume that he meant to refer to the increase in such values when he stated that the increase was 41%, and especially is this true in the light of the fact that the evidence sustains his statement if he did refer to assessment values, and does not sustain it if he referred to market values alone.

In view of the fact, however, that he increased appellant's assessment only 30% rather than 41%, he may have taken into consideration, although erroneously, both the increase in salable values, shown to have been from 10% to 20%, and the increase in assessment value, shown to have been 41%, in determining the amounts at which appellant's lands ought to be assessed in order that those values might be uniform with the assessed values of other lands in the district.

There is another feature in the evidence, which the court considered, that doubtless furnishes the true reason why the court did not increase appellant's lands at the same rate other lands in the district had been increased for assessment purposes, and that is that in both of appellant's tracts there is relatively more of rocky hill land than in other farms in the district, and such land had not, to the same extent at least, increased in either salable or assessable value as had river and creek bottom lands.

At any rate, we do not find anything in the evidence to indicate that appellant's lands have been assessed above their fair cash value or at a higher per centum of such values than have other lands in the same magisterial district or in the county.

Judgment affirmed.