Mrs. Coleman J. McDEVITT et al., Appellants,

v.

James E. LUCKETT et al., Appellees.

Court of Appeals of Kentucky.

June 8, 1965.

William Friedlander, James N. Webb, Louisville, for appellants.

William S. Riley, Larry A. Carver, Cyril E. Shadowen, Frankfort, E. P. Sawyer, Jefferson County Atty., Louisville, James O. Overby, Calloway County Atty., Murray, Sam F. Kibbey, Carter County Atty., Grayson, William A. Young, Franklin County Atty., Frankfort, of counsel, for appellees.

CLAY, Commissioner.

This action was brought by citizens and taxpayers owning intangible personal property and real estate against the Commissioner of Revenue, members of the Kentucky Board of Tax Appeals, and certain county tax commissioners for a declaration of rights. The issue was raised as to the necessity for compliance by public officials with section 172, Kentucky Constitution, and implementing statutes which relate to the assessment of property in Kentucky at its fair cash value. The plaintiffs sued as representatives of a class and requested that the defendants represent the class to which they belong. This procedural aspect of the case does not appear significant.

The circuit court dismissed the original and amended complaints on the grounds that no justiciable controversy was presented, the plaintiffs had no standing to maintain the action because adequate administrative remedies were available, and the court would not undertake to control the discretion of public officials.

This appeal was considered with appeals in the cases of Russman et al. v. Luckett et al., Ky., 391 S.W.2d 694, and Miller v. Layne, Ky., 391 S.W.2d 701. The opinion handed down this day in Russman et al. v. Luckett et al. disposes of all of the questions raised in this case, and that opinion is incorporated herein by reference.

The judgment is reversed and the cause remanded to the Franklin Circuit Court with directions to the court to enter a judgment declaring the law as set forth in item (1) of the judgment directed to be entered in the case of Russman et al. v. Luckett et al.; and further declaring that the failure of public officials to assess all classes of property as required by section 172, Kentucky Constitution, and implementing statutes, constitutes a denial of the equal protection of the law.