**Richard L. MILLER, Appellant,**

v.

**Lawrence P. LAYNE, Appellee.**

Court of Appeals of Kentucky.

June 8, 1965.

**702**

lated the law but the extreme circumstances are such that the defendant should not be penalized at this time for acts which conformed to a long prevailing, though illegal custom. As of January 1, 1966, strict compliance with the law will be required.

Though the trial court rendered its decision on an erroneous ground, for the reasons stated in Russman et al. v. Luckett et al., the complaint was properly dismissed. It may be observed that this dismissal does not foreclose the plaintiff's right to initiate a similar proceeding after January 1, 1966.

The judgment is affirmed.·

William Friedlander, James N. Webb, Louisville, for appellant.

E. P. Sayer, Jefferson County Atty., by Charles Speed Gray, Asst. County Atty., Louisville, for appellee.

CLAY, Commissioner.

This suit was brought by plaintiff, a resident, property owner and taxpayer of Jefferson County, against defendant Tax Commissioner of Jefferson County to have the defendant removed from office for misfeasance under the provisions of KRS 132.370 (3). A motion to dismiss the complaint was sustained on the ground that defendant in assessing property in Jefferson County was not acting in an unlawful manner.

This appeal was heard with the appeals in Russman et al. v. Luckett et al., Ky., 391 S.W.2d 694, and McDevitt et al. v. Luckett et al., Ky., 694 S.W.2d 700. We have this day handed down an opinion in Russman et al. v. Luckett et al., which disposes of the basic question here involved and that opinion is incorporated herein by reference.

As pointed out in that opinion, the defendant and other public officials have violated