Ray COLEMAN et al., Appellants,

v.

The CITY OF MAYFIELD, Kentucky, et al., Appellees.

Court of Appeals of Kentucky.

July 27, 1966.

Henry Jack Wilson, Mayfield, for appellants.

Sam Boyd Neely, Mayfield, for appellees.

PALMORE, Chief Justice.

This is a declaratory judgment action brought by various taxpayers against the City of Mayfield, its tax assessor, city clerk and city attorney seeking to invalidate and enjoin the collection of 1966 ad valorem taxes levied pursuant to assessments made as of September 1, 1965. On appropriate motions and pleadings the trial court dismissed the complaint.

Mayfield is a city of the third class. September 1 is the date fixed by its legislative body for the assessment of property subject to taxation. Cf. KRS 92.420. After this court's opinions in Russman v. Luckett, Ky., 391 S.W.2d 694, and Miller v. Layne, Ky., 391 S.W.2d 701, were handed down on June 8, 1965, the city council and tax assessor moved promptly to insure compliance with Section 172 of the Constitution, which requires that all property not constitutionally exempted from taxation be assessed "at its fair cash value, estimated at the price it would bring at a fair voluntary sale". The tax assessor proceeded to assess all such property at its fair cash value, following which the city council fixed the 1966 tax rate at 31¢ per $100. For the year 1965 the rate had been $1.00 per $100.

The sole contention made by the taxpayers who instituted this suit is that the new assessment was unlawful, premised on the theory that under Russman v. Luckett and Miller v. Layne, a revaluation before January 1, 1966, was premature and arbitrary. Cf. Const. § 2.

Section 172 of the Constitution has been in full force and effect without interruption since 1891. Our opinions in *Russman* and *Miller* do not suggest that it was in a state of suspended animation until January 1, 1966. They simply recognized the prac-

tical impossibility of retroactive enforcement, and they directed compliance in Jefferson County on the next tax assessment date following rendition of the opinions, which date was January 1, 1966. Cf. KRS 132.220(1).

In this case there is no problem of enforcing compliance. With commendable diligence the responsible officials of the City of Mayfield have recognized their sworn constitutional obligations and have proceeded to carry them out. The decision of the circuit court is absolutely correct.

The judgment is affirmed.

MOREMEN, HILL and STEWART, JJ., not sitting.