H. B. WALTERS, James E. Walters, and Barbara Walters, Appellants,

v.

KENTUCKY BOARD OF TAX APPEALS, the Woodford County Board of Supervisors, and Jim Owen Gaines, the Property Valuation Administrator of Woodford County, Appellees.

Court of Appeals of Kentucky.

Sept. 30, 1977.

As Modified Oct. 18, 1977.

Rehearing Denied March 10, 1978.

Discretionary Review Denied
Sept. 12, 1978.

Amos H. Eblen, Lexington, for appellants.

Mark E. Gormley, Woodford County Atty., Versailles, for appellees.

Before WHITE, WILHOIT and WINTERSHEIMER, JJ.

WILHOIT, Judge.

This appeal is from an order of the Woodford Circuit Court affirming the assessment of the value of the appellants' farm made by the Kentucky Board of Tax Appeals. The Board of Tax Appeals had set the value of the farm at $540,000.00 which was the same valuation set by the property valua-

tion administrator and by the county board of supervisors.

Appellants owned a farm in Fayette County which the owners of an adjoining horse farm wanted to purchase. Appellants agreed to trade their property for an equivalent farm. The owner of the horse farm located property in Woodford County which was acceptable to the appellants. He purchased this property for $540,000.00 and conveyed it to appellants in exchange for their farm. The Woodford County farm consisted of 360 acres and was listed by the appellants with the property valuation administrator for 1974 tax purposes as having a fair market value of $360,000.00. The property valuation administrator raised this assessment to $540,000.00. Appellant James E. Walters told the administrator that the agricultural value of the property was less than $1,000.00 per acre though he would accept such a valuation. It is unclear from the record whether a specific request that the farm be assessed as agricultural or horticultural land was made. The administrator, however, stated that even had such a request been made he would have denied it because the Department of Revenue had not yet sent him regulations implementing KRS 132.450, the applicable statute.

The appellants appealed to the Woodford County Board of Supervisors which sustained the administrator's assessment. The Kentucky Board of Tax Appeals also sustained the assessment as did the Woodford Circuit Court.

The evidence introduced before the Board of Tax Appeals indicated that 12 farms somewhat comparable to that of the appellants were assessed for 1974 at an average of about 61 percent of what the administrator believed to be their fair market value. The administrator stated that he planned to raise these assessments for 1975. It was also shown that in 1975, after the appellants filed an application with the administrator as required by KRS 132.450, their farm was assessed by him at $362,000.00 for agricultural purposes.

Appellants present two grounds for reversal. The first of these is that the agricultural or horticultural value of their farm is less than its fair market value and the administrator should have been required to assess it for 1974 in accordance with the lesser value under Section 172A of the Kentucky Constitution and KRS 132.-450. Even accepting that the agricultural or horticultural value of their farm is less than its fair market value, the record does not indicate that appellants complied with the requirements of KRS 132.450(2)(a) by filing the necessary application for agricultural or horticultural valuation with the administrator on or before April 1, 1974. Even if we accept that a verbal request for such valuation was made and that a verbal request would be sufficient, the record is still silent as to whether it was made by the statutory deadline. We believe the Board of Tax Appeals correctly concluded that there was no showing of the filing of a timely application for agricultural valuation.

The second ground for reversal put forth by appellants is that the administrator should have been required to reduce the assessment of their farm to 61 percent of its fair market value since the evidence disclosed that 12 somewhat comparable farms in Woodford County and in the vicinity of their farm were shown to be assessed at only about 61 percent of their fair market value. In support of this, appellants cite Section 171 of the Kentucky Constitution and the following cases bearing on that section: *Eminence Distillery Co. v. Henry County Board of Supervisors,* 178 Ky. 811, 200 S.W. 347 (1918); *Hillman Land & Iron Co. v. Commonwealth,* 194 Ky. 599, 239 S.W. 1041 (1922), and *Rogers v. Pike County Board of Supervisors,* 288 Ky. 742, 157 S.W.2d 346 (1941).

We read these cases as standing for the general proposition that under Section 171 of our Constitution where all of the other similar property in a county or a particular district of a county has been uniformly or systematically assessed at only a proportion of its fair cash value, a taxpayer whose similar property in the county or district is

assessed at full fair cash value may require that his assessment be reduced to the general level of assessment to ensure uniformity and equality of taxation.[1]

The rationale upon which these cases and those following them rested was that in such cases the reduction of the complaining taxpayer's assessment was the "only practical remedy" because the courts were without necessary power to increase the assessments of the other taxpayers. *Eminence Distillery Company v. Henry County Board of Supervisors, supra,* 200 S.W. at 351; *Russman v. Luckett,* Ky., 391 S.W.2d 694, 698 (1965). This lack of "necessary power" of the courts was explained in *Luckett v. Tennessee Gas Transmission Co.,* Ky., 331 S.W.2d 879, 882 (1960), as follows:

> All the property owners were not before the court, hence it was necessary, in order to achieve equality for the taxpayer whose property had been appraised at full value, to reduce the assessment to the general level.

Unquestionably, as long as the courts held that all of the taxpayers whose property was under-assessed must be joined in an action in order to require the assessment of their property at fair cash value, the only practical remedy for attaining equality of assessment by an over-assessed taxpayer was to require that his assessment be reduced. The decisions in *Russman v. Luckett, supra,* and its companion cases, *McDevitt v. Luckett,* Ky., 391 S.W.2d 700 (1965), and *Miller v. Layne,* Ky., 391 S.W.2d 701 (1965), not only recognize that our constitution and statutes require the assessment of all property at its full cash value,[2] but they also recognize a practical remedy whereby an aggrieved taxpayer may require equality of assessment without the necessity of joining every affected taxpayer in an action.

■ The situation thought to exist when the *Eminence Distillery Co.* case and its progeny were decided thus no longer obtains and the rule adhered to in those cases

would not appear to be any longer viable. We do not need to make such a determination, however, since we do not believe that the proof adduced in this case indicates that all of the property similar to that of appellants' property located in Woodford County or in the particular district of Woodford County in which appellants' farm is located has been uniformly or systematically assessed at any certain proportion of its fair cash value. Rather, the proof indicates only that 12 similar farms in the general area of appellants' farm were assessed on an average of about 61 percent of their fair cash value for 1974, the assessments ranging from approximately 39 percent to 71 percent of fair cash value. There are certainly more than 12 "similar" farms in that county and no showing is made of a uniform or systematic proportionate assessment of the farm land in the particular district in which appellants' farm is located.

The judgment of the trial court is, therefore, affirmed.

All concur.

### ORDER DENYING PETITION FOR REHEARING

WHITE, Judge.

This Court having considered the Petition for Rehearing and being sufficiently advised, it is ORDERED that the same is hereby DENIED. However, the undersigned does hereby respectfully dissent for the following reasons.

After carefully reviewing the factual situation and the statutory and constitutional duties imposed upon those concerned, as well as the case law applicable herein, it appears to me that, as between two parties who are under legal responsibility to follow statutory requirements, the one who is an elected official as against a private citizen has the greater responsibility to see that the statutory requirement is followed. It simply follows that one who deals with the

---

1. *See Louisville Ry. Co. v. Commonwealth,* 105 Ky. 710, 49 S.W. 486 (1899), for the prior contrary rule.

2. These cases were decided before the adoption of Section 172A of the Constitution providing for agricultural or horticultural assessments.

overall situation of assessing all property in a county, as the Property Valuation Administrator, is and ought to be more aware of what needs to be done and is under a duty to assist any citizen and taxpayer in the accomplishment of that end. The majority opinion seems to excuse the PVA from his official responsibility, while at the same time faulting the taxpayer for failing to strictly comply with a corresponding statutory duty. I do not believe the law is that weighted in favor of official actions over the acts required of the taxpayer-citizen; and, if it is, I hereby disagree with its being so.

I further respectfully dissent because I cannot conclude the holding of *Russman v. Luckett*, Ky., 391 S.W.2d 694 (1965) as changing the applicability of *Eminence Distillery Co. v. Henry County Board of Supervisors*, 178 Ky. 811, 200 S.W. 347 (1918) insofar as Section 171 of the Kentucky Constitution on uniformity of assessment is concerned.